**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Alan Lehr,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　　Respondents. | No. CV-19-01127-PHX-DWL<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

On July 29, 2019, the Court held a case management conference in this matter to address the respective positions of the parties and the proposed briefing schedules set forth in the parties' joint status report (Doc. 17). Among the issues discussed were Respondents' requests for the Court to prohibit Petitioner[1] from contacting the victims and state court jurors absent a showing of good cause and prior authorization of the Court and to order Petitioner to initiate any authorized victim contact through the Office of the Attorney General's Victim Advocate's Office ("AG-VAO"). Having considered the respective positions of the parties, including Petitioner's objections to the form and substance of Respondents' requests, the Court rules as follows.

Form. The issues raised by Respondents have been fully briefed in numerous cases in the District of Arizona, the Court is well versed in the subject matter and legal argument surrounding the issues, and, due to the late appointment of Petitioner's counsel, time is of the essence in resolving these issues. Thus, the Court disagrees with Petitioner's proposal

---

[1] References to Petitioner in this order are intended to encompass his attorney or any other agent, including other members of his federal habeas team such as investigators or paralegals.

to defer ruling until additional briefing has been submitted.

<u>Victim Contact</u>. Regardless of whether the Arizona Victims' Bill of Rights ("AVBR") applies in federal habeas proceedings, it is clear that the federal Crime Victims' Rights Act ("CVRA") does apply in such proceedings. *See* 18 U.S.C. § 3771(b)(2) ("In a Federal habeas corpus proceeding arising out of a State conviction, the court shall ensure that a crime victim is afforded [certain enumerated] rights . . . ."). Under the CVRA, one of the rights that must be safeguarded in a habeas proceeding is the "right to be treated with fairness and with respect for the victim's dignity and privacy." *Id.* § 3771(a)(8).

Many other judges of this Court have concluded that one of the provisions of the AVBR—the requirement that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," *see* A.R.S. § 13-4433(B)—provides a reasonable mechanism for furthering this federally-enshrined right to fairness, dignity, and privacy. *See generally Johnson v. Ryan*, 2018 WL 6573228, \*2-3 (D. Ariz. 2018) (canvassing prior decisions); *but see Armstrong v. Ryan*, 2019 WL 1254653 (D. Ariz. 2019). The Court agrees with those prior decisions and will thus adopt the same rule here—Petitioner is prohibited from contacting victims directly and must initiate any such contact through the AG-VAO as contemplated by state law.

The Court will not, however, grant Respondents' additional request to require Petitioner to come to the Court and obtain a good-cause finding before even submitting a victim-contact request to the AG-VAO. (Doc. 17 at 3.) This request has no basis in state or federal law and would unnecessarily and improperly enmesh the Court in Petitioner's investigative strategy.

Finally, the Court will deny Petitioner's request, made for the first time during the July 29 hearing, to authorize him to file a motion seeking permission to disregard the A.R.S. § 3344(B) process on a one-off basis if a particular victim declines to give consent after being contacted by the AG-VAO and he believes that victim may be important to his investigation. Arizona law does not provide for such an exception and the Court declines

- 2 -

to create it here.  The right of all crime victims to fairness, dignity, and privacy under 18 U.S.C. § 3771(a)(8) is not meant to be subjected to a balancing test or disregarded depending on the parties' litigation and investigative strategy.

Juror Contact.  The Court rejects Respondents' request for "an order prohibiting juror contact by Mr. Lehr and his defense team without a prior showing of good cause." (Doc. 17 at 4.)  Respondents have not identified any provision of Arizona state law that would preclude such contact—indeed, Petitioner has submitted materials suggesting "the Arizona Supreme Court specifically vetoed a proposed rule to limit parties' post-verdict juror contact" (Doc. 17 at 8)—and the District of Arizona's local rule regulating post-trial juror contact (*see* LRCiv 39.2(b)) only applies to contacts with federal jurors following federal trials in this Court.  Finally, Respondents' argument that such contact should be prohibited (or tightly regulated) because there is no right to discovery in a habeas proceeding (Doc. 17 at 4-5) misses the mark because Petitioner is not asking to engage in any formal, court-overseen discovery—he merely wishes to remain free to investigate his case.

Accordingly,

**IT IS ORDERED**:

1. Petitioner shall file a Petition for Writ of Habeas Corpus no later than **December 17, 2019**.

2. Petitioner shall file an amended habeas petition no later than **June 17, 2020**.

2. Respondents shall file an Answer no later than **September 15, 2020**.

3. Petitioner shall file a reply no later than **October 30, 2020**.

4. Any notice of a request for evidentiary development shall be filed no later than **January 8, 2021**.

5. A response to any notice of request for evidentiary development shall be filed no later than **February 8, 2021**.

6. A reply to any response to a notice of a request for evidentiary development

- 3 -

shall be filed no later than **February 23, 2021**.

7. Respondents shall file any motions related to juror or victim contact no later than **August 9, 2019**.

8. The Court will request a certified copy of the state court record on appeal and the record of post-conviction proceedings from the Arizona Supreme Court.

**IT IS FURTHER ORDERED** that no person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Petitioner or his counsel unless the victim, through the AG-VAO, has consented to such contact. Petitioner need not demonstrate good cause to initiate contact of any victim through the AG-VAO.

**IT IS FURTHER ORDERED** that, absent circumstances beyond counsel's control, the Court is not inclined to continue the deadlines set forth herein.

**IT IS FURTHER ORDERED** that the pleadings, briefs, and motions scheduled in this Order shall conform to the format set forth in the Court's Order of Appointment and General Procedures (Doc. 7).

Dated this 31st day of July, 2019.

_____
Dominic W. Lanza
United States District Judge