**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Alan Lehr,<br><br>  Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>  Respondents. | No. CV-19-01127-PHX-DWL<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Pending before the Court is Petitioner Scott Alan Lehr's motion to vacate restrictions on victim contact. (Doc. 64.) This motion effectively seeks reconsideration of the portion of the Court's July 31, 2019 order that granted in part Respondents' request for an order limiting Lehr's counsel's contact with victims. (Doc. 20 at 1-3.) Respondents ask the Court to deny Lehr's motion or, in the alternative, to modify the victim-contact order. (Doc. 67 at 7-9.) The motion is now fully briefed. (Doc. 68.)

**RELEVANT BACKGROUND**

Lehr was convicted of three counts of first-degree murder, three counts of attempted first-degree murder, two counts of aggravated assault, seven counts of kidnapping, thirteen counts of sexual assault, one count of attempted sexual assault, four counts of sexual conduct with a minor, and four counts of sexual assault with a child under the age of fourteen years. He was sentenced to death for two of the first-degree murder counts.

On February 19, 2019, after unsuccessful post-conviction proceedings in state court, Lehr filed a notice of intent to file a petition for writ of habeas corpus. (Doc. 1.) In a joint

report filed before the case management conference, Respondents asked the Court to issue an order prohibiting contact with the victims by Lehr and his counsel absent a showing of good cause and further requested that if contact is authorized, all contact should be initiated through the Office of the Arizona Attorney General's Victim Advocate's Office ("AG-VAO"). (Doc. 17 at 3.) Lehr objected, arguing that Respondents should file a written motion in compliance with the local rules and that the matter was premature. (*Id.* at 4.)

At the case management conference, the Court informed the parties that it was inclined to resolve the victim-contact issue at that time but provided either party the opportunity to request further briefing on the issue. Lehr objected to Respondents' proposed good-cause requirement and to channeling requests through the AG-VAO. Lehr also noted a recent case in which another judge concluded that the Arizona Victim's Bill of Rights ("AVBR"), which Respondents invoked in their request, did not apply in federal habeas proceedings and thus authorized counsel to have direct contact with victims. Lehr asked the Court do the same and also expressed an interest in further briefing the issue.

In the July 31, 2019 scheduling order, the Court resolved the parties' dispute over these issues as follows:

> The issues raised by Respondents have been fully briefed in numerous cases in the District of Arizona, the Court is well versed in the subject matter and legal argument surrounding the issues, and, due to the late appointment of Petitioner's counsel, time is of the essence in resolving these issues. Thus, the Court disagrees with Petitioner's proposal to defer ruling until additional briefing has been submitted.
>
> Victim Contact. Regardless of whether the Arizona Victims' Bill of Rights ("AVBR") applies in federal habeas proceedings, it is clear that the federal Crime Victims' Rights Act ("CVRA") does apply in such proceedings. *See* 18 U.S.C. § 3771(b)(2) ("In a Federal habeas corpus proceeding arising out of a State conviction, the court shall ensure that a crime victim is afforded [certain enumerated] rights . . . ."). Under the CVRA, one of the rights that must be safeguarded in a habeas proceeding is the "right to be treated with fairness and with respect for the victim's dignity and privacy." *Id.* § 3771(a)(8). Many other judges of this Court have concluded that one of the provisions of the AVBR—the requirement that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact

> with the victim through the prosecutor's office," *see* A.R.S. § 13-4433(B)—provides a reasonable mechanism for furthering this federally-enshrined right to fairness, dignity, and privacy. *See generally Johnson v. Ryan*, 2018 WL 6573228, *2-3 (D. Ariz. 2018) (canvassing prior decisions); *but see Armstrong v. Ryan*, 2019 WL 1254653 (D. Ariz. 2019). The Court agrees with those prior decisions and will thus adopt the same rule here—Petitioner is prohibited from contacting victims directly and must initiate any such contact through the AG-VAO as contemplated by state law.
>
> The Court will not, however, grant Respondents' additional request to require Petitioner to come to the Court and obtain a good-cause finding before even submitting a victim-contact request to the AG-VAO. (Doc. 17 at 3.) This request has no basis in state or federal law and would unnecessarily and improperly enmesh the Court in Petitioner's investigative strategy.
>
> Finally, the Court will deny Petitioner's request, made for the first time during the July 29 hearing, to authorize him to file a motion seeking permission to disregard the A.R.S. § [13-4433(B)] process on a one-off basis if a particular victim declines to give consent after being contacted by the AG-VAO and he believes that victim may be important to his investigation. Arizona law does not provide for such an exception and the Court declines to create it here. The right of all crime victims to fairness, dignity, and privacy under 18 U.S.C. § 3771(a)(8) is not meant to be subjected to a balancing test or disregarded depending on the parties' litigation and investigative strategy.

(Doc. 20 at 1-2.)

Over four months later, on December 17, 2019, Lehr filed his initial petition for writ of habeas corpus. (Doc. 22.) About 20 months after that, on April 15, 2021, Lehr filed an amended petition. (Doc. 32.) Lehr is currently preparing his notice of request for evidentiary development, due December 6, 2023.

In the pending motion, Lehr asks the Court to vacate the victim-contact restrictions imposed in the scheduling order because Respondents lacked standing to request enforcement of the federal CVRA and because those restrictions violate the First and Fifth Amendments. Even though this motion effectively seeks reconsideration of the Court's earlier ruling, the Court will consider Lehr's arguments *de novo* in light of the unusual procedural posture here, where the Court offered Lehr the opportunity to further brief the

issues during the case management conference and Lehr has now (albeit more than four years later) chosen to take advantage of that opportunity.

## ANALYSIS

Lehr's arguments fail on the merits. As for the standing issue, the Court considered and rejected a near-identical argument in *Reeves v. Shinn*, 2021 WL 5771151 (D. Ariz. 2021), reasoning as follows:

> [T]he concept of standing does not serve as an obstacle to the issuance of the requested order. Reeves's standing-related arguments focus on [18 U.S.C.] § 3771(b)(2)(B)(i), which provides that the rights of victims in federal habeas corpus proceedings "may be enforced by the crime victim or the crime victim's representative," but Reeves overlooks § 3771(b)(2)(A), which states that "the court shall ensure that a crime victim is afforded" certain rights, including the right to be treated with dignity and privacy. This provision "makes clear that once a court proceeding has commenced, the district court has an ongoing duty to ensure that crime victims are accorded their rights, independent of whether a victim has filed a motion to enforce those rights." The Court takes this duty seriously. Thus, assuming that crime victims' right to privacy and dignity includes the right to be free from direct contact by defense counsel during a habeas proceeding . . . the Court is unwilling to adopt an approach that would effectively require crime victims to forfeit this right unless they affirmatively file a motion for relief. Such an approach would undermine, rather than promote, the CVRA's goals and purpose.

*Id.* at *5 (citations omitted). The Court continues to agree with that analysis and sees no reason to revisit it here. Although Lehr correctly notes that there is a lack of consensus among Arizona district judges on this issue, conflicting decisions by other district judges are not binding on this Court, which has given considerable thought to these issues. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation and internal quotation marks omitted); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another.").

For similar reasons, Lehr's First and Fifth Amendment-based arguments are

unavailing. The Court has rejected such arguments in earlier decisions and stands by the reasoning of those decisions. In *Reeves*, the Court noted that "§ 3771(a)(8) specifically confers upon victims the right to be 'treated with fairness and with respect for the victim's dignity and privacy,'" that "[a]lthough [such] concepts are admittedly difficult to define with precision, they must mean *something*," that "[i]t would be anomalous . . . if the right of a crime victim to be free from potentially intrusive dignity and privacy violations (such as when a defense investigator unexpectedly shows up at a victim's door, years or decades after the victim's loss of a loved one, and asks questions about this traumatic loss), which remains intact throughout the defendant's trial, direct appeal, and PCR proceeding, somehow evaporates as soon as the case reaches the federal habeas corpus stage, even though review during that stage (unlike during some of the earlier stages) is generally 'limited to the record that was before the state court that adjudicated the claim on the merits,'" and that a victim-contact restriction would not "amount to an unconstitutional prior restraint on habeas counsel's First Amendment rights . . . [because] 'attorneys are properly subject to an array of different restrictions and regulations that can have the effect of limiting their ability to obtain information—even potentially exculpatory information—from prospective witnesses.'" 2021 WL 5771151 at *6-7 (citations omitted). Similarly, in *Johnson v. Ryan*, 2018 WL 6573228 (D. Ariz. 2018), the Court noted the petitioner's "Fourteenth Amendment theories are difficult to reconcile with the Supreme Court's holding that '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course'" and that the petitioner's "First Amendment theories overlook that attorneys are properly subject to an array of different restrictions and regulations that can have the effect of limiting their ability to obtain information—even potentially exculpatory information—from prospective witnesses." *Id.* at *6 (citations omitted). As with the standing issue, the Court acknowledges that some of its esteemed colleagues have reached contrary conclusions, including in *Arizona Attorneys for Crim. Justice ("AACJ") v. Ducey*, 638 F. Supp. 3d 1038 (D. Ariz. Nov. 2, 2022), *appeal docketed*, No. 22-16729 (9th Cir. Nov. 7, 2022), but those decisions are again not binding

here.[1]  Lehr acknowledges this point.  (Doc. 68 at 4 [ "[I]n a very technical sense, the district court *AACJ* decision is not binding upon a coordinate district judge.").

Accordingly,

**IT IS HEREBY ORDERED denying** Lehr's Motion to Vacate Restrictions on Victim Contact (Doc. 64).

**IT IS FURTHER ORDERED denying as moot** Respondents' request for alternative relief (Doc. 67).

Dated this 25th day of September, 2023.

_____
Dominic W. Lanza
United States District Judge

---

[1] The Court also notes that the issues presented in *AACJ* are not identical to the issues presented here, as *AACJ* concerned the ability of defense attorneys "in ongoing state-court cases in which they represent the criminal defendant" to initiate contact with crime victims. 638 F. Supp. 3d at 1060.  This is a federal habeas corpus proceeding.